## Roberts *vs* Walker & Embry.

CHANCERY.

ERROR TO THE CLAY CIRCUIT.

*Attachment. Jurisdiction.*

Case 21.

JUDGE MARSHALL delivered the opinion of the Court.

September 26.

THE prayer for an attachment and the jurisdiction of the Court, are founded upon the allegation that James Roberts, the debtor of the complainants, is out of the State, and has been absent during one term of the Circuit Court of Clay county, in which county he had usually resided, and that Jos. Roberts has funds of his, more than equal to the debt. The bill does not alledge that Joseph Roberts, the guarnishee, is a resident of Clay county, and there is no sufficient evidence that he was so at the commencement of the suit, or when the first process issued. The service of process upon him in Estill county did not give the Court jurisdiction to pronounce a decree, and did not, for want of that jurisdiction, attach the funds or effects in his hands, if any; and if he had not answered, no decree could have been pronounced, because neither he nor the fund would have been in the power of the Court. If the demand set up against James Roberts had been equitable in its nature, the service of process on him in Clay county, might have authorized a decree against both, on the service of process upon Joseph Roberts in Estill county. But the demand was legal and the resort to a Court of equity justified only by the alledged absence of the principal debtor, so that the ordinary process could not be served upon him, and by his having funds or effects within the reach of the Court. His subsequent return and the subsequent service of the

To give the chancellor jurisdiction to attach and apply the fund of an absent debtor, in the hands of a third person, to the payment of the debts of such absent debtor, the proceedings should be instituted in the county where such third person resides at its filing or the process served in the county where the suit is brought.

subpœna upon him in the county of Clay, did not confer jurisdiction on that Court, so as to authorize it to send its process to another county, against the guarnishee. It is its power over the subject sought to be reached by the bill, which gives the Court jurisdiction.

It did not acquire this power by the service of process on the principal debtor, nor by the service of process on the guarnishee in another county; and as the bill does not alledge that the guarnishee resided in the county of Clay, or was there at the time, and as the process was not in fact served upon him in that county, he might no doubt have pleaded or demurred to the jurisdiction of the Court, and it is a serious question whether his answer, without making that objection, should be regarded as sufficient to confer jurisdiction. But waiving this question, we are satisfied that until his answer was filed, there was no attachment operative upon Joseph Roberts; and as the answer, after admitting that the defendant had once had in his hands funds of the principal debtor, and after showing a disposition of the whole of them, denies positively, that he had any funds or effects of James Roberts, of any description; this should be taken as a sufficient and positive denial of the charge in the bill, unless from the affirmative statements by which the denial is introduced, it appears that the alledged disposition of the fund was improper. These affirmative statements are not matters in avoidance of any fact which would have entitled the complainants to a decree, nor do they in any manner detract from the force of the denial which follows, unless they show that the denial is untrue, in law or fact, or that although literally true, it is made so by facts which show that the respondent is still liable for the funds of which he has disposed.

It is true, if the bill had been unanswered, and if it could have been taken for confessed, the failure to answer would have been an unqualified admission of funds in hand at the service of the subpœna. But this answer contains an unqualified denial of funds, which being in the present tense, refers in strictness, to the time of answering. But as has been already said, that was the time when the attachment took effect, and if in good faith he

had no funds at that time, it is sufficient. It would, however, require but little liberality to refer the denial to the time of the service of the subpœna, since the answer was filed in the Clay Circuit Court within four or five days after the service of the subpœna in Estill. This promptness tends to show that the defendant supposed the service of the process to have been effectual, and repels all suspicion that he was attempting to evade its efficacy, and tends to confirm his statements, which in itself goes to show that he had disposed of the fund before the service of process on him.

We might, therefore, well understand the denial as referring to the date of the service of process. But for the reason already given, this construction is not necessary. And although the affirmative statements as to the disposition of the fund may not have been as specific as was proper, and especially in referring to previous attachments, without designating the parties or the authority under which the attachments issued and were decided, yet as there was no exception to the answer, and as there is a positive allegation of compulsory payment under the attachments, we are of opinion that this defect in the form of the statement does not diminish its effect. There being then no charge of fraud in the bill, and no suspicion of it raised by the answer, and the defendant having positively denied having any funds in hand, at the time when the attachment and the power of the Court took effect, we are of opinion that upon the bill and answer, there being no testimony in the case, the complainants were not entitled to the relief sought against Joseph Roberts.

Wherefore, the decree is reversed and the cause remanded, with directions to dismiss the bill.

*McKee and Ensworth* for plaintiff; *Caperton* for defendants.

<div style="text-align: right">

ROBERTS
*vs*
WALKER & EM-
BRY.

jurisdiction or
fail to answer
at all.